UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER WAGGETT, on behalf of herself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br> MRS BPO, L.L.C., <br><br> Defendant(s). | Civil Case Number: _____ <br><br> **CIVIL ACTION** <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

   JENNIFER WAGGETT
   2400 Newtown Drive
   Harrisburg, Pennsylvania 17110

   MRS BPO, L.L.C.
   1930 Olney Avenue
   Cherry Hill, New Jersey 08003

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, MRS BPO, L.L.C. ("MRS BPO") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the Defendant maintains a location in and does business in this district, and the conduct complained of occurred in New Jersey and Pennsylvania.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Harrisburg, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. MRS BPO maintains a location at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

8. Defendant uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey and Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey and Pennsylvania consumers who were sent letters and/or notices from MRS BPO (See **Exhibit A**), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

        ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

        iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

        iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to February 4, 2022, Plaintiff allegedly incurred a financial obligation to GM FINANCIAL.

19. The GM FINANCIAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

20. Plaintiff allegedly incurred the GM FINANCIAL obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The GM FINANCIAL obligation did not arise out of a transaction that was for non-personal use.

22. The GM FINANCIAL obligation did not arise out of transactions that were for business use.

23. The GM FINANCIAL obligation was incurred in connection with the sale or lease of a motor vehicle.

24. The GM FINANCIAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. GM FINANCIAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or before February 4, 2022, GM FINANCIAL referred the GM FINANCIAL obligation to Defendants for the purpose of collections.

27. At the time the GM FINANCIAL obligation was referred to Defendants, the GM FINANCIAL obligation was in default.

28. Default of the GM FINANCIAL obligation occurred in August 2017.

29. The GM FINANCIAL obligation was charged off by GM FINANCIAL or its predecessor by December 2017.

30. Defendants caused to be delivered to Plaintiff a letter dated February 4, 2022, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

31. The February 4, 2022 letter was sent to Plaintiff in connection with the collection of the GM FINANCIAL obligation.

32. The February 4, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. At the time that Defendant sent the February 4, 2022 letter to Plaintiff, the statute of limitations had run, rendering the GM FINANCIAL obligation legally unenforceable in court.

34. Upon receipt, Plaintiff read the February 4, 2022 letter.

35. The February 4, 2022 letter provided the following information regarding the balance claimed due on the GM FINANCIAL obligation:

        ACCOUNT BALANCE:    $4,992.61

36. The February 4, 2022 letter stated in part:

> We recognize that a possible hardship or pitfall may have prevented you from **satisfying your obligation**. We are presenting three options to **resolve your balance**. We are not obligated to renew this offer. (emphasis added).

37. The February 4, 2022 letter also stated in part:

> Consider using any possible tax refund you may receive to **satisfy your outstanding obligation**. (emphasis added).

38. Plaintiff understood Defendant's February 4, 2022 letter to mean that she had a legal obligation to pay the GM FINANCIAL obligation.

39. The language in Defendant's February 4, 2022 letter was misleading and/or deceptive because Plaintiff and others similarly situated could be misled into thinking that the GM FINANCIAL obligation could be legally enforced when in fact the debt was time-barred.

40. Plaintiff and others similarly situated were led to believe that their time-barred debts could be legally enforced in court.

41. Defendant's February 4, 2022 letter creates confusion and leaves the Plaintiff and others similarly situated uncertain as to their rights under the FDCPA.

42. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

43. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

44. MRS BPO knew or should have known that its actions violated the FDCPA.

45. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

46. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Falsely representing the character and/or legal status of a debt; and

    (c) Threatening to take any action that cannot legally be taken or that is not intended to be taken.

47. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in New Jersey and Pennsylvania within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

48. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

49. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

50. The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

51. As described herein, Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5) and § 1692e(10).

52. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

53. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

54. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

55. As described herein, Defendants violated 15 U.S.C. § 1692e(5).

56. As described herein, Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

57. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

58. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

59. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

60. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

61. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

62. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

63. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 2, 2022                                    Respectfully submitted,

                                            By:   *s/ Joseph K. Jones*
                                                  Joseph K. Jones, Esq. (JJ5509)
                                                  JONES, WOLF& KAPASI, LLC
                                                  375 Passaic Avenue
                                                  Fairfield, New Jersey 07004
                                                  Phone: (973) 227-5900
                                                  Fax: (973) 244-0019
                                                  *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 2, 2022

Respectfully submitted,

By: *s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF& KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
Phone: (973) 227-5900
Fax: (973) 244-0019
*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: March 2, 2022

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)

# EXHIBIT

# A



Send Payment/Correspondence to:
MRS BPO, L.L.C.
1930 OLNEY AVE.
CHERRY HILL, NJ 08003
800-949-3249

Office Hours:
Monday - Thursday   9am - 9pm ET
Friday                      9am - 5pm ET

CREDITOR: GM FINANCIAL
MRS ACCT#: LU1.
CREDITOR ACCT#: xxxx9516
**ACCOUNT BALANCE : $4,992.61**

January 13, 2022

Dear JENNIFER WAGGETT,

We recognize that a possible hardship or pitfall may have prevented you from satisfying your obligation. We are presenting three options to resolve your balance. We are not obligated to renew this offer.

Option 1: A monthly payment plan on the full balance of the account.

Option 2: You pay $1,897.20 in ONE PAYMENT to be received in this office on or before 01/29/2022.

Option 3: You make TWO PAYMENTS of $1,198.23 each. The first payment to be received in this office on or before 01/29/2022 and the second payment on or before 02/24/2022.

Payment may be made by calling 800-949-3249, mailing to the above address or by using our online payment website at https://portal.mrsbpo.com.

When you call please let our representative know that you have received the GM FINANCIAL Option Letter.

Sincerely,
MRS BPO, L.L.C.
800-949-3249
Letter ID: LU1.15524446.28968069

Tax time is a great time to put issues like this behind you. Consider using any possible tax refund you may receive to satisfy your outstanding obligation.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

STL002wWP

